UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT DANIELS,<br>          Plaintiff,<br>    v.<br>CITY AND COUNTY OF SAN FRANCISCO,<br>          Defendant. | Case No. 17-cv-05914-MEJ<br><br>**ORDER SCREENING THIRD AMENDED COMPLAINT** |

## INTRODUCTION

On October 16, 2017, Plaintiff Scott Daniels filed a Complaint and an Application to Proceed In Forma Pauperis. Compl., Dkt. No. 1; Appl., Dkt. No. 3. The Court granted Plaintiff's Application and screened the Complaint, dismissing it with leave to amend. First Screening Order, Dkt. No. 5. The Court screened the First Amended Complaint (FAC), and ordered issuance of summons and service upon Defendant City and County of San Francisco. *See* FAC, Dkt. No. 6; Second Screening Order, Dkt. No. 7. Without leave of Court, Plaintiff filed a Second Amended Complaint (SAC, Dkt. No. 9), which the Court struck (Minutes, Dkt. No. 17). Defendant answered the FAC. Dkt. No. 12.

At the Initial Case Management Conference, the Court granted Plaintiff leave to file a third amended complaint, which Plaintiff filed. *See* Minutes; Case Sched. Order, Dkt. No. 22; Third Am. Compl. (TAC), Dkt. No. 24. The Court now screens the TAC pursuant to 28 U.S.C. § 1915(e)(2).

## SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.    Legal Standard**

While the Court has granted Plaintiff's Application to Proceed In Forma Pauperis, it must

also review the TAC to determine whether the action may be allowed to proceed. The Court must dismiss the TAC if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted). Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Federal Rule of Civil Procedure 8 requires Plaintiff to provide a "short and plain statement" of the claims, but "more than an unadorned, the defendant-unlawfully-harmed-me accusation" to help the Court logically connect how the defendant caused Plaintiff's injury and show what claims for relief exist. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "[A] plaintiff's obligation to provide the 'grounds' for . . . 'entitlement to relief' requires more than labels and conclusions . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For instance, in *Ashcroft*, the Supreme Court rejected conclusory assertions that "petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on the account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" 556 U.S. at 680. The Court reasoned that such allegations were akin to the "formulaic recitation of the elements" dismissed in *Twombly*, and therefore, insufficient to meet Rule 8(a). *Id.* In doing so, the Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**B.     Allegations in the Complaint**

The only amendment Plaintiff has made in the TAC pertains to the Battery claim. *See*

2

TAC ¶ 45 (abandoning allegation that Defendants slammed Plaintiff to the ground, punched, and kicked him; retaining allegation that Defendants placed Plaintiff in debilitating control holds and placed unnecessary weight on his back and head; adding allegation that Defendants forced Plaintiff to sit on filthy ground). The Court's present screening analysis accordingly does not change materially from the analysis it applied in screening the FAC.

Plaintiff asserts a number of claims arising from his arrest by SFPD Officers on or about October 15, 2015. He alleges Does 1 and 2 are SFPD Officers who acted under color of authority and/or under state law, and committed these acts pursuant to custom or policies adopted by the City and County of San Francisco. TAC ¶¶ 7-9, 11-12, 14, 23. Plaintiff alleges Doe 1 instructed him to stop on the street, but when Plaintiff began to leave after confirming he was not being detained, Doe 1 again instructed him to stop and detained him. *Id.* ¶¶ 15-16. Doe 2 was present; Does 1 and 2 repeatedly verbally admonished Plaintiff; taunted him; used slurs against him; and indicated Plaintiff did not need an attorney, should answer questions, and should submit to detention and questioning. *Id.* ¶ 18. Plaintiff was arrested for asserting his rights; he was handcuffed in an unlawfully tight fashion and left to sit in a hot patrol car for a significant period of time; he also was placed in debilitating control holds and unnecessary weight was placed on his back and head. *Id.* ¶¶ 19-20, 45.

Plaintiff asserts three claims under 42 U.S.C. § 1983: (1) unlawful search and seizure in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution; (2) excessive force in violation of his rights under the Fourth and Fourteenth Amendments; and (3) violations of his right to petition the government for a redress of grievances under the First Amendment. Plaintiff also asserts a number of claims under California state law: violation of the Bane Act, Cal. Civ. Code § 52.1; assault; battery; and negligence. Plaintiff names the City and County of San Francisco and Does 1 and 2 as defendants. The caption of the TAC lists an eighth claim for negligent infliction of emotional distress, but Plaintiff does not actually assert such a claim in the TAC.

**C. Analysis and Screening**

    1. <u>Federal Claims</u>

Under Section 1983, "every person who, under color of any statute . . . custom, or usage of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction of [the United States] to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." *Flores v. Cty. of L.A.*, 758 F.3d 1154, 1158 (9th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), and other cases). To plead a Section 1983 claim against an individual, Plaintiff must allege (1) the conduct that harmed him was committed under color of state law (i.e., state action), and (2) the conduct deprived him of a constitutional right. *See Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

In dismissing the original Complaint, which asserted claims against officer defendants Does 1-10 as well as against two named individuals, the Court explained Plaintiff must allege how each Defendant personally participated in the deprivation of his rights and how each acted under color of state law. *See* First Screening Order at 4, Dkt. No. 5. In the TAC, Plaintiff alleges how Does 1 and 2 (both police officers) participated in the deprivation of his rights. *See* TAC ¶¶ 7-20, 33, 45. The TAC states facially plausible Section 1983 claims against Does 1 and 2 for deprivation of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments.

The Court previously explained that "[n]either state officials nor municipalities are vicariously liable for the deprivation of constitutional rights by employees." First Screening Order at 4 (quoting *Flores*, 758 F.3d at 1158). Therefore, to plead a Section 1983 claim against a municipality for a violation of constitutional rights resulting from governmental inaction or omission, Plaintiff must allege (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to Plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Plumeau v. Sch. Dist. #40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). A plaintiff may establish *Monell* liability by "prov[ing] that an officer committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which

4

constitutes the standard operating procedure of the local governmental entity." *Wilson v. Fla. Dep't of Revenue*, 2015 WL 136557, at *6 (N.D. Cal. Jan. 8, 2015) (internal quotation marks omitted). "In the alternative, *Monell* liability may be established where the 'individual who committed the constitutional tort was an official with final policy-making authority' or 'an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* (internal citations omitted). But municipalities are not liable under Section 1983 if they do not have the power to remedy the alleged violation. *See Estate of Brooks v. United States*, 197 F.3d 1245, 1248-49 (9th Cir. 1999) (upholding dismissal of § 1983 excessive detention claim against county because, under state statute, county did not have power either to release federal detainee or bring him before federal judge).

Plaintiff alleges the conduct he complains of was taken due to a custom or policy of the City and County of San Francisco (TAC ¶¶ 2, 14), and more specifically alleges "policies and customs to allow officers to detain persons such as plaintiff without probable cause or reasonable suspicion for failing to give 'proper deference' to police officers" (*id.* ¶ 23). "In order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts or habits.'" *Bedford v. City of Hayward*, 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012) (quoting *Warner v. Cty. of San Diego*, 2011 WL 662993, at *4 (S.D. Cal. Feb. 14, 2011)). Plaintiff sufficiently alleges for purposes of screening that a specific City and County policy was the moving force behind the violation of Plaintiff's rights to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments, and to be free from retaliation for exercising free speech under the First Amendment: the City's policy and custom of allowing its officers to detain persons such as Plaintiff under the circumstances alleged in the TAC. Plaintiff, however, does not identify any policy or custom pertaining to the violation of his right to be free from excessive force under the Fourth and Fourteenth Amendments.

For purposes of screening, the TAC states federal claims upon which relief can be granted as to Does 1 and 2, and the City and County of San Francisco.

### 2. State Law Claims

The Bane Act prohibits "a person or persons, whether or not acting under color of law, [from] interfere[ing] by threats, intimidation, or coercion, or [from] attempt[ing] to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state. . . ." Cal. Civ. Code § 52.1. Plaintiff plausibly alleges violations of his constitutional rights (*see supra*), and that Does 1 and 2 used threats, intimidation, and coercion to interfere with those rights (TAC ¶¶ 17-18, 45). The TAC therefore plausibly alleges the elements of a Bane Act claim, and the City and County of San Francisco may be held vicariously liable for its police officers' violations of the Bane Act. *See D.V. v. City of Sunnyvale*, 65 F. Supp. 3d 782, 787 (N.D. Cal. 2014) (citing cases holding cities liable under respondeat superior for Bane Act violations of police officers). The allegations of the TAC are sufficient to show for screening purposes the City and County of San Francisco is a proper defendant to the Bane Act claim here.

To state a battery claim under California law, Plaintiff must allege: (1) Defendants intentionally did an act that resulted in harmful or offensive contact with his person; (2) Plaintiff did not consent to the contact; and (3) the contact caused Plaintiff injury, damage, loss or harm. *See Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007). Plaintiff sufficiently alleges these elements as to Does 1 and 2 for screening purposes. *See* TAC ¶¶ 45-47. California police officers who use unreasonable force to make an arrest are not immune from liability. *See Robinson v. Solano Cty.*, 278 F.3d 1007, 1016 (9th Cir. 2002) (police officers not immune from suit under California law for using excessive force in arresting a suspect). Although the battery claim alleges "Does 1-10" battered Plaintiff, the TAC alleges no facts regarding the conduct or position of any individual defendant other than Does 1 and 2. The TAC accordingly does not state a battery claim against any individual defendant other than Does 1 and 2.

To state an assault claim under California law, Plaintiff must allege: "(1) that Defendants intended to cause harmful or offensive contact, or the imminent apprehension of such contact, and (2) that Plaintiff was put in imminent apprehension of such contact." *Brooks v. United States*, 29

F. Supp. 2d 613, 617 (N.D. Cal. 1998). Plaintiff alleges that Defendants 1 and 2 intentionally caused harmful contact (TAC ¶¶ 41, 45), and that Plaintiff was placed in fear of an immediate harmful offensive touching (*id.* ¶ 42). For purposes of screening pursuant to Section 1915(e)(2), the TAC states an assault claim against Does 1 and 2.

To state a negligence claim under California law, Plaintiff must allege (1) a legal duty to use due care; (2) a breach of that duty; and (3) an injury that was proximately caused by the breach. *See Ladd v. Cty. of San Mateo*, 12 Cal. 4th 913, 917 (1996). Police officers have a duty not to use excessive force (*Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1101 (2004)), and have a duty to intercede when their fellow officers violate the constitutional rights of a citizen (*Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000)). The TAC alleges Does 1 and 2 breached that duty by using excessive force. Plaintiff alleges he was harmed by that conduct. The TAC thus plausibly states a negligence claim against Does 1 and 2.

The City and County of San Francisco may be vicariously liable for Plaintiff's common law claims based on excessive force. *See Robinson*, 278 F.3d at 1016 (governmental entity employing police officers can be held vicariously liable when officers use excessive force in the course and scope of employment). The TAC also alleges a claim was filed pursuant to the California Government Tort Claims Act. татTAC ¶ 3. Thus, Plaintiff plausibly states claims against the City and County of San Francisco based on its vicarious liability for assault, battery, and negligence by Does 1 and 2.

## CONCLUSION

The Court finds that, liberally construed, the TAC plausibly alleges the following claims that are not frivolous and that do not seek relief against immune defendants:

(1) Section 1983 claims against Does 1 and 2 for violations of Plaintiff's Constitutional rights to free speech, to be free from unlawful search and seizure, and to be free from use of excessive force against Does 1 and 2.

(2) *Monell* claims against the City and County of San Francisco for violations of Plaintiff's right to free speech and to be free from unlawful search and seizure.

(3) A Bane Act claim against Does 1 and 2 and the City and County of San Francisco.

(4) Assault, battery, and negligence claims against Does 1 and 2 and the City and County of San Francisco.

The City and County of San Francisco shall respond to the TAC no later than April 19, 2018.

**IT IS SO ORDERED.**

Dated: April 2, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge