UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT DANIELS,<br>　　　　Plaintiff,<br>　　v.<br>CITY AND COUNTY OF SAN FRANCISCO,<br>　　　　Defendant. | Case No. 17-cv-05914-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br>Re: Dkt. No. 26 |

## INTRODUCTION

Plaintiff's civil rights claims relate to an incident that took place on or about October 15, 2015. *See* Third Am. Compl. ¶ 15, Dkt. No. 24; Order Screening TAC at 3, Dkt. No. 25. Pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6), in which Defendant argues that each of Plaintiff's federal claims is barred by the applicable statute of limitations. Mot., Dkt. No. 26; *see also* Rand Notice, Dkt. No. 26-1. Plaintiff filed an Opposition (Dkt. No. 30) and Defendant filed a Reply (Dkt. No. 32). The Court finds this matter suitable for disposition without oral argument and **VACATES** the May 24, 2018 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS** Defendant's Motion for the following reasons.

## DISCUSSION

**A.　Motion to Dismiss**

The Court screened Plaintiff's TAC and found it stated, for screening purposes, (1) 42 U.S.C. § 1983 claims against two Doe Defendant police officers for the deprivation of his rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution; (2) a

*Monell* claim against the City and County of San Francisco based on the deprivation of his rights under the First Amendment; and (3) a number of California state-law claims based on personal injury. Order Screening TAC at 4-6.

If a statute of limitations defense is apparent on the face of a complaint, a defendant may raise a motion to dismiss on that basis. *Roches v. Cty. of Santa Clara*, 2018 WL 905940, at *2 (N.D. Cal. Feb. 15, 2018) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon*, 614 F.2d at 682. Defendant now moves to dismiss the TAC in its entirety on the ground the claims are time-barred by the applicable two-year statute of limitations. *See* Mot.[1]

Section 1983 borrows its limitations period from the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In California, the statute of limitations for personal injury torts is two years. Cal. Civ. Proc. Code § 335.1; *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Plaintiff's Section 1983 and *Monell* claims are based on personal injuries and therefore are subject to the same two-year statute of limitations. *See* TAC. The statute of limitations started to run when Plaintiff's claim has accrued, i.e., when he knew or had reason to know of the injury that is the basis of his action. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1998). Each of Plaintiff's claims accrued, and the statute of limitations began to run, on October 15, 2015, when Doe Defendants allegedly detained him without reason, verbally admonished him, taunted him, used slurs against him, and indicated that he did not need an attorney and should answer questions; when Doe Defendants arrested him for asserting his rights; when they handcuffed him in an unlawfully tight fashion and left him to sit in a hot patrol

---

[1] The Court dismissed the original complaint after screening it (Screening Order, Dkt. No. 5), Defendant answered the First Amended Complaint (Answer to FAC, Dkt. No. 12), and the Court struck the Second Amended Complaint (Minutes, Dkt. No. 17). In its answer to the FAC, Defendant asserted a statute of limitations affirmative defense. *See* Answer to FAC, Second Affirmative Defense ("Defendant alleges that the FAC and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 et seq. and related statutes.")

car for a significant period of time; and when they placed him in debilitating control holds and placed unnecessary weight on his back and head. *See* TAC. From that day, Plaintiff had two years to file any claims grounded in personal injury, or until October 15, 2017.

In his initial opposition, Plaintiff acknowledges he filed the Complaint on October 16, 2017, the day after the two-year statute of limitations expired, but argues the Court should apply equitable tolling, as he acted in good faith and missed the deadline by less than 24 hours. *See* Opp'n. The purpose of a statute of limitation is "to prevent assertion of stale claims against a defendant." *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002). Where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate. *See Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). Plaintiff must meet three conditions to equitably toll a statute of limitations: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999), *as amended on denial of reh'g and reh'g en banc* (Dec. 13, 1999); *see also McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 102 (2008) (equitable tolling requires three elements: timely notice, lack of prejudice to defendant, and reasonable and good faith conduct on the part of the plaintiff).[2]

To dismiss under Rule 12(b)(6) despite an equitable tolling claim, a court must find that a plaintiff can prove no set of facts which would allow that plaintiff to prevail. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1208 (9th Cir. 1995); *see also Jablon*, 614 F.2d at 682. Here, Plaintiff does not invoke equitable tolling in the TAC, so the Court must dismiss each of the federal claims in the TAC as time-barred, and dismisses the remaining state law claims for lack of subject matter jurisdiction.

**B.  Leave to Amend**

It is not evident that Plaintiff could not allege facts which would allow him to successfully invoke equitable tolling in an amended pleading. Courts have found that equitable tolling of a

---

[2] Federal courts borrow the forum state's equitable tolling rules to the extent they are not inconsistent with federal law. *Azer*, 306 F.3d at 936.

Section 1983 claim may be appropriate where a plaintiff has been incarcerated for a term less than life; when a plaintiff pursued a remedy in another forum, such as state court or in an administrative context, before filing the claim in federal court; or when a plaintiff is incapacitated. *See, e.g., Warne v. City & Cty. of San Francisco*, 2017 WL 912269, at *10-11 (N.D. Cal. Mar. 8, 2017); *Valentine v. City of Concord*, 2016 WL 2851661, at *4 (N.D. Cal. May 16, 2016); *Morris v. Travis*, 2015 WL 8641282, at *2 (N.D. Cal. Dec. 15, 2015); *Bolton v. Chevron*, 2015 WL 6601816, at *2 (N.D. Cal. Oct. 30, 2015).

Defendants argue equitable tolling does not apply because Plaintiff did not timely pursue an alternative remedy in a different forum prior to bringing the claims he asserts here (Reply at 3-4), but this assertion concerns matters outside the pleadings. "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion." *Supermail*, 68 F.3d at 1206 (internal citation omitted). Defendants also do not address other potential bases for tolling: for instance, whether Plaintiff was incarcerated or otherwise incapacitated during a portion of the two-year period. Plaintiff alleges he was arrested for asserting his rights. TAC ¶ 19. California Government Code section 945.3[3] may "toll the limitations period [for Section 1983 claims] while criminal actions are pending against the potential plaintiff," *Harding v. Galceran*, 889 F.2d 906, 908 (9th Cir. 1989), but only if the civil claim "relat[es] to the [criminal] offense for which the accused is charged" (Cal. Gov't Code § 945.3). If Plaintiff was charged in connection with, and prosecuted for, the events of October 15, 2015, and if those charges are potentially related to his Section 1983 claims, he could potentially avail himself of the equitable tolling doctrine during the time the criminal

---

[3] "No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court. Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court." Cal. Gov't Code § 945.3. In *Harding*, the Ninth Circuit held the provision prohibition barring a party from bringing a Section 1983 claim while state criminal charges were pending "must fall under the Supremacy Clause" of the U.S. Constitution, but it found the tolling rule the statute announced was "consistent with the objectives behind Section 1983 actions" and therefore applied to toll the statute of limitations in those cases. 889 F.2d at 908.

4

1  action was pending against him. *See Bagley v. City of Sunnyvale*, 2017 WL 344998, at *5 (N.D. Cal. Jan. 24, 2017) ("The Ninth Circuit has held that charges for 'resisting and obstructing an officer' are related to civil claims arising out of the arrest in which the criminal defendant allegedly resisted, and can therefore toll the statute of limitations." (citing *Torres v. City of Santa Ana*, 108 F.3d 224, 225 (9th Cir. 1997)).

The Court therefore will grant Plaintiff leave to amend the pleadings if he can in good faith allege facts sufficient to show equitable tolling applies to his personal injury claims. Good faith in attempting to meet the filing deadline will not, in and of itself, suffice.

On May 11, 2018, Plaintiff also filed a Supplemental Opposition. *See* Suppl. Opp'n, Dkt. No. 33. Plaintiff did not obtain court approval before filing this supplementary material, in violation of Civil Local Rule 7-3(d). In his Supplemental Opposition, Plaintiff asserts that the date of the incident he listed in his original Complaint, FAC, SAC, and TAC was incorrect, and that the incident in fact took place on October 16, 2015. Suppl. Opp'n at 2. Plaintiff asserts that October 16, 2015 is documented "on the CAD by the 911 Operator, SFPD, and the S.F. Sheriff Department." *Id.* Plaintiff does not attach these documents to his Opposition, but asserts he has confirmed the date is on record with emergency services. *Id.* While the Court does not consider this document in evaluating the merits of the pending motion to dismiss, this information provides a second basis for granting Plaintiff leave to amend.

## CONCLUSION

The Court accordingly **GRANTS** the Motion to Dismiss the TAC, **WITH LEAVE TO AMEND**, if Plaintiff can allege facts sufficient to show he is entitled to equitable tolling for at least one day, or if Plaintiff can allege the incident in fact occurred on October 16, 2015. Any amended pleading shall be due three weeks from the date of this Order. Defendants need not respond to the amended complaint until after the Court screens it anew pursuant to 28 U.S.C. §

1915.  If Plaintiff does not file an amended pleading, his federal claims will be dismissed **WITH PREJUDICE**, and his state law claims will be dismissed **WITHOUT PREJUDICE**.

This Order also terminates Docket No. 33.

**IT IS SO ORDERED.**

Dated: May 15, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge