UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT DANIELS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. 17-cv-05914-MEJ<br><br>**ORDER SCREENING FOURTH AMENDED COMPLAINT**<br><br>Re: Dkt. No. 35 |

Defendant previously moved to dismiss the Third Amended Complaint on the ground it was filed "more than two years after the incident giving rise to the suit, which is alleged to have occurred on October 15, 2015." Mot. at 2, Dkt. No. 26; *see also id.* at 5 ("Here, in all three of his Complaints, Plaintiff alleged that the subject incident giving rise to this lawsuit occurred on October 15, 2015."). In a supplemental brief, Plaintiff argued the incident had occurred on October 16, 2015, not on October 15, 2015 as he had previously alleged. *See* Suppl. Mot., Dkt. No. 33. The Court granted Defendant's Motion to Dismiss, but granted Plaintiff leave to amend the pleadings if he could allege the incident in fact had occurred within the two-year statute of limitations, or could allege facts showing equitable tolling should apply. MTD Order, Dkt. No. 34.

Plaintiff filed a Fourth Amended Complaint, which is identical to his Third Amended Complaint except that it (1) alleges the date of the incident is October 16, 2015 (4AC, Dkt. No. 35), and (2) attaches SFPD reports showing the date of the incident was recorded by SFPD as October 16, 2015 (*id.*, Exs. 1-2).[1]

---

[1] The Court recognizes the Motion was based on Plaintiff's allegations; however, official documents stating the date of the incident was within the two-year statute of limitations were in

The Court incorporates its Order Screening Third Amended Complaint (Dkt. No. 25) as though fully set forth herein. Defendant shall respond to the Fourth Amended Complaint no later than two weeks from the date of this Order.

**IT IS SO ORDERED.**

Dated: June 4, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

Defendant's possession at the time it filed the Motion. Defendant accordingly knew or should have known the allegations were incorrect, and that their statute of limitations argument was premised on factually incorrect information. The Court is concerned that Defendant is not taking either Federal Rule of Civil Procedure 1 or its duty of candor to the Court as seriously as it should. *See also* Civ. L.R. 11-4(a)(4) (requiring attorneys to "[p]ractice with the honesty, care, and decorum required for the fair and efficient administration of justice").